IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES H. STERN                                                                                          PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 3:07cv348-DPJ-JCS

MALCOLM McMILLIN                                                                                 DEFENDANT

REPORT AND RECOMMENDATION

This section 1983 cause is before the court *sua sponte* for consideration of dismissal of the complaint.  Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the undersigned recommends that the complaint be dismissed with prejudice.

Plaintiff, a state inmate, brought this action complaining of unsanitary practices at the Hinds County Detention Center (HCDC), where he was housed as a pretrial detainee, alleging such practices have exposed him to diseases such as AIDS and tuberculosis. He also complains that he was denied meaningful access to the law library and to legal assistance at HCDC.  At the omnibus hearing, he stated that he was particularly concerned about practices in the barber shop at HCDC and that he was afraid he had been exposed to disease because the barber used dirty clippers with dried blood on them while giving him a haircut.  He admitted that he has not been diagnosed with any infectious disease.  As to his access to the courts claim, he testified that the lack of meaningful access to the law library caused him difficulties in prosecuting the present suit and that he was forced to pay some of the deputies in order to obtain the assistance he needed.

Pretrial detainees have a due process right not to be subjected to jail conditions

that constitute punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)  The unsanitary conditions described by Plaintiff, while perhaps troublesome, do not rise to such a level that a punitive purpose on the part of jail officials can be inferred.

Plaintiff's complaints regarding the law library and legal assistance also fail to raise a constitutional issued.  To establish that his constitutional right of access to the courts has been violated, a plaintiff must show an actual injury in the form of interference with a nonfrivolous legal claim.  *Lewis v. Casey*, 518 U.S. 343 (1996).  Plaintiff has failed to allege any such injury.

For these reasons, the undersigned recommends that all of Plaintiff's requests for relief be denied, that his claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that this dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).[1]  The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report by March 19, 2008,  will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 5th day of March, 2008.

/s/ James C. Sumner

UNITED STATES MAGISTRATE JUDGE

---

[1] "The  three-strikes provision of the Prison Litigation Reform Act bars prisoners from proceeding *in forma pauperis* in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).