IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES H. STERN                                                                                                     PLAINTIFF

VS.                                       CIVIL ACTION NO. 3:07cv348-DPJ-JCS

MALCOLM McMILLIN and
HIND COUNTY, MISSISSIPPI                                  DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the court on Defendants' motion for reconsideration and to dismiss [129]. Having considered the motion, the court recommends that it be granted.

Plaintiff, a state prisoner in the custody of the Mississippi Department of Corrections (MDOC), brought this action alleging that he was exposed to unsanitary barbering practices while he was being held as a pretrial detainee at the Hinds County Detention Center (HCDC). Specifically, he alleged that on one occasion he was exposed to dirty hair clippers which were soiled with dried blood and which had previously been used on HIV-positive inmates. He also complained that while at HCDC he was denied meaningful access to the law library and to legal assistance. The claims concerning the law library and legal assistance were dismissed *sua sponte* after the *Spears* hearing. Thereafter, Defendants moved for summary judgment on the barbering claims. By order of September 30, 2009, the district judge granted summary judgment on all of the individual-capacity claims but denied summary judgment on the claim against Sheriff McMillan in his official capacity and against the county. The district judge further directed that discovery be allowed for sixty days on two threshold issues: Whether Plaintiff actually contracted a disease as a result of the haircut incident, and whether he has exhausted his administrative remedies on this claim. Thereafter, on November 20, 2009, the

magistrate judge, observing that Plaintiff's discovery requests did not appear to address the former of these two issues, ordered Plaintiff to sign a medical release and return it to Defendants so that Defendants could obtain Plaintiff's MDOC medical records and provide them to Plaintiff. As of February 12, 2010, Plaintiff had failed to return the release to Defendants, and on that date, the undersigned ordered that Plaintiff provide Defendants with the executed medical release by March 5, 2010. Thereafter, Plaintiff provided the release, and his MDOC medical records were obtained and produced to him.

On April 12, 2010, the undersigned entered an order setting a status conference and supplemental omnibus hearing for May 26, 2010. Plaintiff was ordered to bring to the conference all medical records in his possession relating to his medical treatment since January 12, 2007 and all records relevant to the exhaustion issue. At the conference, Plaintiff provided numerous documents. Plaintiff admitted at the conference, however, that nowhere in his medical records is there any evidence that he has contracted the HIV virus or any other disease as a result of his haircut at HCDC. He indicated, however, that he continues to be concerned about the possibility that he contracted the HIV virus from the dirty clippers and that he has made repeated requests to MDOC to be tested for HIV, but that these requests have been denied. Following the hearing, the court arranged for Plaintiff to undergo a blood test for HIV and hepatitis. The results of those tests have been provided to the court and to Plaintiff. The test results were negative.

In their motion for reconsideration and to dismiss, which was filed prior to Plaintiff's execution of the medical release and prior to the status conference and supplemental omnibus hearing, Defendants' primary argument in favor of dismissal is what they describe as the "contumacious acts of the Plaintiff." However, the motion also raises the

2

issue of Plaintiff's failure to come forward with any evidence of an actual injury. Furthermore, in his order of September 30, 2009, the district judge acknowledged the lack of evidence that Plaintiff had contracted a disease because of the allegedly unsanitary barbering practices at HCDC but concluded that summary judgment on this basis was premature because of Plaintiff's contention that he had not been allowed to develop evidence on this issue. Plaintiff has now been given that opportunity and has come forward with nothing to support his claim. As the district judge observed in his opinion, Stern's claim cannot survive without proof that he actually contracted a disease as a result of the haircut. *See Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (prisoner seeking to recover damages in a conditions-of-confinement case must establish that he suffered a physical injury that is more than *de minimis.*). For this reason, the undersigned concludes that Defendants are entitled to judgment as a matter of law and recommends dismissal of this action.[1]

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[1] Plaintiff recently filed a motion to conduct additional discovery on Defendants. That motion was denied for Plaintiff's failure to state in the motion what he hopes to accomplish by additional discovery.

3

Respectfully submitted, this the 22nd day of June, 2010.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE