UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES H. STERN                                                                  PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:07cv348-DPJ-FKB

MALCOLM McMILLIN                                              DEFENDANT

<u>ORDER</u>

This § 1983 action is before the Court on the Report and Recommendation [143] of Magistrate Judge F. Keith Ball. The report recommends granting Defendant's Motion for Reconsideration and to Dismiss [129] based on Plaintiff's failure to come forward with any evidence of an actual injury. The Court, having fully considered the Report and Recommendation, the parties' submissions, and the applicable law, hereby adopts the Report and Recommendation.

I.     <u>Facts/Procedural History</u>

Plaintiff James Stern filed suit on June 19, 2007, against the "Hinds County Detention Facility" (later substituted with Hinds County, Mississippi) and Sheriff Malcolm E. McMillin in his individual and official capacities. The suit asserted a wide variety of frivolous claims under 42 U.S.C. § 1983. Stern's only potentially viable claim alleged that he was exposed to HIV at the Hinds County Detention Center. According to Stern, his scalp was scraped by blood-stained hair clippers that had been used on HIV-positive inmates. Pl.'s Compl. [1] at 3:17-28.

On September 17, 2008, the Court adopted portions of a former magistrate judge's Report and Recommendation [62] and dismissed most of Stern's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2). Order [74], Sept.

17, 2008. The Court rejected, however, that portion of the report recommending dismissal of Stern's conditions of confinement claim regarding exposure to HIV. *Id.* at 2.

On August 12, 2009, a second Report and Recommendation [104] again recommended dismissal of the conditions of confinement claim, this time under Rule 56, for failure to produce evidence of deliberate indifference. Although the undersigned agreed that individual capacity claims against Sheriff Malcolm E. McMillin should be dismissed, it again rejected the recommendation to dismiss the HIV exposure claim against the county and against McMillin in his official capacity. Order [111] at 4, Sept. 30, 2009. The Court reasoned that summary judgment for failure to produce evidence of deliberate indifference was premature because the magistrate judge had denied Stern's many attempts to conduct discovery on that issue. *Id.* at 4–5.

When the Court issued the September 2009 Order, the parties did not know whether Stern had actually acquired HIV from exposure to the blood-stained clippers. Because proof of such an injury would place the case in a far different light, the Court ordered limited discovery of this and one other threshold issue. Order [111] at 6, Sept. 30, 2009. Stern was later tested for the presence of HIV and hepatitis as an outgrowth of an ominibus hearing held by newly appointed Magistrate Judge F. Keith Ball. The results of the test were negative, and Magistrate Judge Ball recommend dismissal of all claims. Report and Recommendation [143], June 22, 2010.[1]

On July 2, 2010, Stern filed his Objection [145], arguing that his claims for injunctive relief, punitive damages, and nominal damages survive even in the absence of physical injury.

---

[1] Although the magistrate judge recommended granting Defendant's Motion for Reconsideration [129], that motion was based on a discovery dispute. Nevertheless, it is now apparent that Plaintiff's claim is frivolous and due to be dismissed.

Pl.'s Obj. [145] at 2–3, July 2, 2010. Defendant responded [147], and the Court is prepared to rule.

II. Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), "the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . is frivolous or malicious." (Emphasis added). A complaint is frivolous "if it lacks an arguable basis in fact or law." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id*. (citation omitted). "Claims are factually frivolous when they are based on factual allegations that are delusional, fantastic, fanciful, or otherwise clearly baseless." *Buckenberger v. Reed*, 342 F. App'x 58, 61 (5th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

A. Claims for Emotional and Mental Injury

Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)) (alteration in original). We now know that Stern contracted no diseases as a result of unsanitary barbering practices. All other physical injuries alleged in the Complaint were at best de minimis. Section 1997e(e) therefore bars Stern's claims for mental and emotional damages.

3

Stern is correct, however, that the plain text of § 1997e(e) does not bar claims for injunctive, punitive, and nominal relief. *Hutchins v. McDaniels*, 512 F.3d 193, 197–98 (5th Cir. 2007) (holding that § 1997e(e) precludes damages for mental and emotional injuries but that other damages survive). Nevertheless, Stern has not demonstrated that he is entitled to such damages in the context of his Eighth Amendment conditions of confinement case.

B.  Injunctive Relief

Stern was moved from the Hinds County Detention Center and is not entitled to injunctive relief. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) ("Herman's transfer from the ECDC to the Dixon Correctional Institute in Jackson, Louisiana, rendered his claims for declaratory and injunctive relief moot."); *see also Smith v. City of Tupelo*, 281 Fed. App'x. 279, 282 (5th Cir. 2008) (same).

C.  Punitive Damages

Defendants are immune from Stern's punitive damages claim. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding "that a municipality is immune from punitive damages under 42 U.S.C. § 1983"); *see also Woodard v. Jones*, 247 F. App'x 494, 495 (5th Cir. 2007) (finding immunity from punitive damages for official capacity claims).

D.  Nominal Damages

Only Stern's claim for nominal damages (generally one dollar) remains; however, that claim is not properly before the Court. Stern's complaint makes no prayer for nominal damages or general relief, and he raises the issue in an objection filed nearly two years after Defendants first argued that the lack of physical injury barred recovery. The Court is aware of the admonition that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (citations and quotations omitted). While circumstances clearly exist where a pro se plaintiff would be allowed to seek nominal damages despite having failed to plead them, the argument comes nearly two years too late. *See Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 930 n.1 (5th Cir. 2010) ("Claims raised for the first time in objections to the magistrate judge's report are generally not considered on appeal.") (citation omitted); *Busick v. Neal*, No. 07-60375, 2010 WL 2102322, at *6 (5th Cir. May 26, 2010) ("Because [Plaintiff] did not request nominal damages, his freedom of religion claims could not survive summary judgment on that basis."); *Harrison v. Smith*, 83 F. App'x 630, 631 (5th Cir. 2003) ("The district court did not err in refusing to allow Harrison to use his objections to the magistrate judge's report and recommendation to further amend his amended complaint.") (citation omitted); *Herman*, 238 F.3d at 666 (refusing to read pro se complaint as seeking damages not expressly stated).[2]

---

[2] Even if Stern had properly asserted the nominal damages claim, its success is doubtful. Stern relies heavily on *Helling v. McKinney*, where the United States Supreme Court concluded that proof of current injury is not required before seeking an injunction. 509 U.S. 25, 33–34 (1993). *Helling* does not address damages and arguably requires proof that the alleged exposure was sufficient to at least cause future injury. *Id.* at 35 (holding that objective test for Eighth Amendment violations requires proof of "unreasonable risk of serious damage to [the plaintiff's] future health"); *see also Baze v. Rees*, 553 U.S. 35, 50 (2008). ("[T]he conditions presenting the risk must be *sure or very likely* to cause serious illness and needless suffering, and give rise to sufficiently *imminent* damages") (citation and quotation omitted). Here, HIV is not latent, Stern is not infected, and it is not apparent how he can now establish sufficient exposure to state a claim. Stern also relies on *Hutchins*, where the court held that a Fourth Amendment claim could proceed on nominal damages absent physical injury. 512 F.3d at 198. Assuming *Hutchins* applies to Eighth Amendment claims, it does not establish a right to nominal damages absent constitutional violation.

Finally, the Court notes that these issues have never been fully explored. For example, several post-*Helling* Fifth Circuit opinions have affirmed dismissal of conditions of confinement claims where the plaintiffs failed to prove physical injury. *See*, *e.g*, *Field* 364 F. App'x at 929 (holding plaintiff had "not made a showing that he was exposed to unreasonably high levels of ETS" and further noting that "[b]ecause he has not shown that he suffered a physical injury due

III.     CONCLUSION

Stern is simply not in a position to pursue this claim. Had he actually contracted a disease, or had he remained in the Hinds County Detention Center, then dismissal at this stage would be inappropriate. As it stands, Stern has no possibility of recovering any damages, and his claim must therefore be dismissed as frivolous.

Because this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). If the Plaintiff receives "three strikes" he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A separate judgment will be entered in accordance with this Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED** this the 24th day of September, 2010.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE

---

to exposure to ETS, Field may not recover damages"); *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) ("prisoner seeking to recover damages on a conditions of confinement claim must establish a physical injury that is more than de minimis"). These cases do not specifically address nominal damages for Eighth Amendment violations, and the available authority addressing that issue is neither binding nor overly helpful. *Compare Harrison*, 83 F. App'x at 631 (holding that nominal damages for conditions of confinement claim were not available absent physical injury) *with Whitman v. Washington*, 113 F. App'x 605, 606 (5th Cir. 2004) (affirming dismissal for lack of constitutional violation but finding that had a violation been established, nominal damages would be available). Given the procedural deficiency in the claim, the Court will not wade further into this potentially murky area of law.